IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STACK TECK SYSTEMS, INC., : | |
| Plaintiff, : | |
| v.   : | C.A. No. |
| DAVID BROWN,   : | JURY TRIAL DEMANDED |
| Defendant. : | |

### DEFENDANT'S NOTICE OF REMOVAL

Now comes Defendant, David Brown, by and through counsel, who, pursuant to 28 U.S.C. § 1332 & 1446, removes this action to the United States District Court for the District of Delaware. In support of his action, Defendant states the following:

1. Plaintiff filed its Complaint in the Chancery Court of the State of Delaware in and for New Castle County on July 25, 2006. [Exhibit A]. The Civil Action Number is 2299-N.

2. There is diversity of citizenship. Plaintiff is a citizen of the State of Delaware. Defendant is a citizen of Ontario, Canada.

3. Defendant first received notice of service on July 28, 2006. An Answer to the Complaint in the state court has not been filed.

4. Defendant is a citizen of a foreign State and the amount in controversy exceeds $75,000, exclusive of interest and costs, which was certified by Plaintiff's attorney.

5. This action, therefore, may be removed to this Court pursuant to 28 U.S.C. § 1332 & 1446 as this Court has jurisdiction over it.

6. A copy of this notice is being filed with the Register in Chancery of the Court of Chancery of the State of Delaware in and for New Castle County.

**WHEREFORE**, Defendant requests that this action be removed to the District Court for

the District of Delaware.

                                        Respectfully submitted,

                                        **RICHARD R. WIER, JR., P.A.**

                                        /s/ Richard R. Wier, Jr.
                                        Richard R. Wier, Jr. (#716)
                                        Daniel W. Scialpi (#4146)
                                        Two Mill Road, Suite 200
                                        Wilmington, DE 19806
                                        (302)888-3222

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STACK TECK SYSTEMS, INC., | : |
| Plaintiff, | : |
| v. | : C.A. No. |
| DAVID BROWN, | : JURY TRIAL DEMANDED |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I certify that on this 15th day of August 2006, a copy of the attached Notice of Removal was served BY HAND on:

David J. Margules, Esq.
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

           **RICHARD R. WIER, JR., P.A.**

           _/s/ R. Wier_
           Richard R. Wier, Jr. (#716)
           Daniel W. Scialpi (#4146)
           Two Mill Road, Suite 200
           Wilmington, DE 19806
           (302)888-3222

EFiled: Jul 25 2006 4:16PM EDT
Transaction ID 11888781

# IN THE COURT OF CHANCERY IN THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

---------------------------------------------------------------X
STACK TECK SYSTEMS, INC.,
a Delaware corporation,

    Plaintiff,

        v.

                                                  C.A. No.

DAVID BROWN

    Defendant.
---------------------------------------------------------------X

## COMPLAINT

Stack Teck Systems, Inc. ("Stack Teck" or "Company"), by its undersigned attorneys, for its complaint against David Brown ("Brown") alleges as follows:

### Nature of the Action

1. This is an action by Stack Teck, a Delaware corporation, against its former chief executive officer, David Brown for breach of fiduciary duty and for a declaration that Brown was properly terminated for cause by Stack Teck.

2. In early 2006, without the knowledge or approval of Stack Teck's board of directors, Brown paid himself and Gino Trigiani ("Trigiani"), the now departed chief financial officer of Stack Teck, as well as other members of senior management, bonuses aggregating $740,000, despite the fact that Stack Teck's EBITDA of $2,000,000 missed targets by approximately 60%.

3. Brown caused Stack Teck to book the bonus payment to him as the repayment of a note due to him from the sale of his business to Stack Teck years ago. Brown's purpose in this

mis-booking was to create a mechanism for him to avoid the payment of income taxes with respect to the bonus.

### The Parties

4.  Stack Teck is a Delaware corporation which, through Stack Teck Systems Limited, a Canadian corporation ("Stack Teck Canada"), and Fairway Molds, a California corporation, is engaged in the business of providing integrated plastic tooling solutions for the injection molding industry.

5.  Stack Teck is, and has been for many years, in default of its loan agreements with respect to approximately $ 30,000,000 owed to its principal lenders. As a result of such default, no payments are permitted under any notes to Brown.

6.  In the Fall of 2005, Annex Capital ("Annex") and Woodside Capital ("Woodside"), two of Stack Teck's principal lenders, purchased all of the notes and shares owned by members of management (other than Brown) who had previously sold businesses to the Company for 5% of the face amount of such notes.

7.  Following such transaction, Stack Teck's board of directors was reconstituted to include Brown and two representatives of each of Annex and Woodside.

8.  Brown is an individual residing in Ontario, Canada. Until July 19, 2006, he was chief executive officer and a member of Stack Teck's board of directors. He also served as chief executive officer of Stack Teck Canada.

### The Unauthorized Bonus

9.  From late August, 2005, through February, 2006, Brown caused Stack Teck to borrow $5,125,000 from its lenders to fund operations.

10. In June 2006, Stack Teck's board of directors ("Board") first learned that Brown had caused Stack Teck to pay, in early 2006, over $740,000 in bonuses to members of Stack Teck Management. The Board had no knowledge of, and never approved, the bonuses. Brown and Trigiani received $116,000 and $85,000, respectively, of the bonuses.

11. On June 22, 2006, Brown acknowledged that the bonuses were inappropriate and not in the Company's best interests.

12. Brown also acknowledged that he caused the Company to apply his bonus to repay a portion of a promissory note due to him so that he could avoid receiving taxable income. Repayment of Brown's note is also prohibited because of Stack Teck's uncured defaults on obligations to its principal lenders.

13. The Company's board retained a forensic accounting firm to conduct an investigation into the bonus payments. The firm concluded that the payments were unauthorized and that there was no evidence of a written bonus plan being in effect.

14. On July 19, 2006, the Board terminated Brown with cause as a result of his paying the unauthorized bonuses and booking the bonus to him as the repayment of a loan.

### COUNT I
### For Breach of Fiduciary Duty

15. As chief executive officer and a member of the board of directors of Stack Teck, Brown owed fiduciary duties of loyalty to Stack Teck, as well as obligations of complete candor to other members of the Board.

16. By paying bonuses to himself as well as other members of senior management (including Trigiani who, Brown knew, or should have know, was intending to leave the Company) without the knowledge or consent of the Board, Brown breached his duty of loyalty to the Company.

17. In addition, by causing the Company to intentionally mis-book the bonus payment to him as a repayment of the loan rather than payment of a bonus, Brown exposed the Company to possible tax fraud. As a result, he breached his duty of loyalty to the Company.

## COUNT II
### Declaratory Judgment Pursuant to 10 *Del. C.* § 6501

18. Plaintiff repeats and realleges the proceeding paragraphs 1-17 as if fully set forth herein.

19. Plaintiff Stack Teck seeks a Declaratory Judgment pursuant to 10 *Del. C.* § 6501 that Stack Teck's termination of Brown for cause was proper.

20. A real case or controversy exists between the parties and this claim is right for adjudication.

WHEREFORE, Plaintiff prays for judgment as follows:

a. Awarding Stack Teck damages in the amount of $740,000 representing the unauthorized bonus payments made by Brown;

b. Declaring that Stack Teck properly terminated Brown for cause;

c. Awarding Plaintiff the cost of this action, including reasonable attorneys' fees and costs; and

d. Granting such other and further relief as the Court deems just and proper.

/s/ Dominick Gattuso
David J. Margules (#2254)
Dominick T. Gattuso (#3630)
BOUCHARD MARGULES &
FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
*Attorneys for Plaintiff*

OF COUNSEL:

Robert W. Forman, Esq.
SHAPIRO FORMAN ALLEN SAVA &
MCPHERSON LLP
380 Madison Avenue
New York, New York 10017
(212) 972-4900

Date: July 25, 2006

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Stack Teck Systems, Inc

**DEFENDANTS**
David Brown

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David Margules (#2254)
Bouchard Margules & Friedlander, P.A.
222 Delaware Ave., Suite 1400
Wilmington, DE 19801

ATTORNEYS (IF KNOWN)
Richard R. Wier, Jr. (#716)
Two Mill Road, Suite 200
Wilmington, DE 19806

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth In Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land |  / ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
This is an action by Stack Teck, a Delaware corporation, against its former chief executive officer, David Brown, for breach of fiduciary duty and for a declaration that Brown was properly terminated for cause by Stack Teck.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23     DEMAND $ _____     CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): JUDGE _____ DOCKET NUMBER _____
IF ANY

DATE 8/15/06     SIGNATURE OF ATTORNEY OF RECORD  Richard R. Wier

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 6 - 5 0 7

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

AUG 1 5 2006                    *Paul J. Freeman*
(Date forms issued)             (Signature of Party or their Representative)

                                PAUL J FREEMAN
                                (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action