IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
STACK TECK SYSTEMS, INC.

                              Plaintiff,

    -against-                            C.A. No. 06-507 (KAJ)

DAVID BROWN

                              Defendants.
---------------------------------------------------------------X

**AFFIDAVIT OF SCOTT SCHOOLEY IN OPPOSITION TO DEFENDANT DAVID BROWN'S MOTION TO DISMISS FOR FORUM NON CONVENIENS**

SCOTT SCHOOLEY, being duly sworn, deposes and says:

1. I submit this affidavit in opposition to Defendant David Brown's motion to dismiss the above-captioned action on *forum non conveniens* grounds. I have personal knowledge of the matters set forth herein.

Background

2. Plaintiff StackTeck Systems, Inc. ("Stack Teck") is a Delaware corporation that provides integrated plastic tooling solutions for the injection molding industry through its subsidiaries in California and Ontario, Canada.

3. I am a director StackTeck. I am also a principal of Woodside Capital Management, LLC, a Connecticut-based management investment firm that manages Woodside Capital Partners II, LLC and Woodside Capital Partners III, LLC (collectively, "Woodside"). Woodside and the New York - based investment management firm of Annex Capital Partners LLC ("Annex"), own StackTeck and are its principal lenders.

4. Stack Teck entrusted Brown with running the company's operations. In addition

to his position as chief executive officer and director of StackTeck, Brown was the president and CEO of its Ontario, Canada-based operating subsidiary, StackTeck Systems Limited ("StackTeck Canada") and the president and a director of its California-based operating subsidiary, StackTeck California Ltd. ("StackTeck California").

5. Although Brown lived in Canada, his duties to StackTeck required him to spend considerable time in the United States. In addition to overseeing StackTeck California, Brown frequently traveled to the United States to meet other StackTeck directors, meet with StackTeck's lenders, attend trade shows, visit customers and evaluate acquisition opportunities.

6. StackTeck has defaulted in the performance of certain covenants in the loan documentation for approximately $30 million in loans issued by its principal lenders, including Annex and Woodside. Due to these defaults, StackTeck is barred from making payments on notes Brown and others received from the sale of businesses to StackTeck.[1]

7. In the Fall of 2005, Annex and Woodside purchased substantially all of StackTeck's common stock from Castle Harlan, Inc., a Delaware corporation headquartered in New York. Immediately prior to Annex and Woodside's acquisition, StackTeck's board of directors was comprised of three Castle Harlan appointees who live and work in or near New York (Ralph Goldsilver, Leonard Harlan and William Pruellage, collectively, the "Castle Harlan Directors") and Brown.

8. In connection with Annex and Woodside's acquisition, StackTeck's Board was reconstituted. The Castle Harlan Directors were replaced with three directors appointed by Annex and/or Woodside (the "Annex/Woodside Directors") on October 12, 2005. A fourth

---

[1] Brown joined StackTeck in 1998 when he sold his business, Tradesco to StackTeck.

2

Annex/Woodside Director was subsequently appointed. Each of the Annex/Woodside Directors live and work on the East Coast: Daphne Firth resides and works in Massachusetts; Alexander Coleman resides and works in New York; Robert Fowler (resides and works in New York); and I reside and work in Connecticut.

9. In 2005, StackTeck's performance fell far short of expectations. StackTeck's EBITDA for fiscal 2005 was only $2 million, approximately 60% below its $5 million target. Between August 2005 and February 2006, StackTeck and its subsidiaries borrowed $5,125,000 to fund operations.

10. In June 2006, StackTeck's Board learned that, without seeking or receiving Board authorization, Brown caused more than $830,000 in bonuses to be paid to himself and other members of StackTeck Canada's management.

11. The Board also learned that Brown attempted to avoid paying taxes on the bonus he awarded himself by causing the bonus to be mis-booked as a repayment of the note he held which StackTeck was prohibited from repaying.

12. On July 19, 2006, after concluding an internal investigation, StackTeck terminated Brown.

13. On July 25, 2006, StackTeck filed its complaint in the instant action in Delaware (the "Complaint"). StackTeck asserted (i) a breach of fiduciary duty claim seeking the return of the unauthorized bonuses Brown caused to be issued and (ii) a claim seeking a declaration that, as a result of Brown's actions in connection with the bonuses he awarded himself and others, and intentionally mis-booking his bonus as the repayment of a loan, StackTeck had just cause to terminate Brown. Both claims arise out of allegations that Brown breached fiduciary duties he

owed StackTeck in connection with his position as an officer and director of StackTeck.

14.     StackTeck's present and former directors are the individuals most likely to have knowledge pertinent to StackTeck's claims and are the most likely witnesses at trial. Three of these potential witnesses, who are not affiliated with StackTeck, live and work in and around New York City. As a result, with the exception of Brown, the vast majority of the likely witnesses live and work on the East Coast of the United States.

15. It will be far more convenient for me and the vast majority of the other likely witnesses to testify at a trial in Delaware as opposed to a trial in Ontario, Canada.

_____
Scott Schooley

Sworn to before me
this 12th day of September 2006.

_____
Notary Public

## CERTIFICATE OF SERVICE

I, John M. Seaman, hereby certify that on September 12, 2006, I served a true and correct copy of the foregoing *Affidavit of Scott Schooley in Opposition to Defendant David Brown's Motion to Dismiss for Forum Non Conveniens* on the following in the manner indicated below:

### By CM/ECF and U.S. Mail

Richard R. Weir, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WEIR, JR., P.A.
Two Mill Road, Suite 200
Wilmington, DE 19806
Telephone: (302) 888-3222

*/s/ John M. Seaman*
BOUCHARD MARGULES & FRIEDLANDER, P.A.
David J. Margules (#2254)
Dominick T. Gattuso (#3630)
John M. Seaman (#3868)
222 Delaware Ave, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500
abouchard@bmf-law.com
jseaman@bmf-law.com