IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STACK TECK SYSTEMS, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-507 KAJ |
| DAVID BROWN, | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

# REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FORUM NON CONVENIENS

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
Two Mill Road, Suite 200
Wilmington, DE 19806
(302)888-3222

September 22, 2006

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................ ii

ARGUMENT ....................................................................... 1

I.   THE PRIVATE INTEREST CLEARLY FAVORS ONTARIO, CANADA. ........... 1

     A.   There are no witnesses in Delaware or within this Court's jurisdiction. ........ 1

     B.   There are no documents in Delaware. ................................. 2

II.  THE PUBLIC INTEREST CLEARLY FAVORS CANADA AS A FORUM. .......... 4

     A.   Ontario law must be applied to determine whether Mr. Brown was terminated for cause, i.e., whether he breached a fiduciary duty owed to Stack Teck Canada.. . . 4

     B.   Ontario law must be applied to determine whether Mr. Brown breached a fiduciary duty owed to Stack Teck Holding. ............................ 5

     C.   Canada's interest outweighs any interest by Delaware in the decision of this controversy.. ................................................... 6

CONCLUSION ..................................................................... 8

# TABLE OF AUTHORITIES

*Cases*

Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192 (D. Del. 1998) .................... 1, 2

Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc., 295 F. Supp. 2d 400
    (D. Del. 2002) ................................................ 5, 6, 7

Ellis v. Hollister, Inc., 2006 U.S. Dist. LEXIS 28171 (E.D. Cal. 2006) .................... 1

Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947) ........................................ 7

Gund v. Philbrook's Boatyard, 374 F. Supp. 2d 909 (W.D. Wash. 2005) .................. 3

## ARGUMENT

I. THE PRIVATE INTEREST CLEARLY FAVORS ONTARIO, CANADA.

**A. There are no witnesses in Delaware or within this Court's jurisdiction.**

In its Answering Brief, Plaintiff identifies, in addition to Defendant Brown, seven witnesses. None of the witnesses, however, are residents of the State of Delaware. (Answering Brief at 5). The residences of the four current members of Stack Teck's Board should be given no weight. See Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 203 (D. Del. 1998)(stating that "Party witnesses or witnesses who are employed by a party carry no weight in the 'balance of convenience' analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial.").

Further, "in weighing the convenience of the parties, the court may take into account the physical condition and the financial strength of each of them." Ellis v. Hollister, Inc., 2006 U.S. Dist. LEXIS 28171, * 11-12 (E.D. Cal. 2006)(quoting Wright, Miller & Cooper, Federal Practice and Procedure 2d § 3849, at 408)). Mr. Brown is an individual who has been terminated without cause.

With respect to three former Board members that Plaintiff identifies, Canada is a convenient forum since each has purposefully and repeatedly availed himself of Canadian jurisdiction and benefits previously, which is where all of the Board meetings were held. (Affidavit ¶ 11). In addition, and in any event, these three individuals are outside of this Court's jurisdiction for compulsory process into Delaware, if they choose not to testify. See Fed. Ct. Civ. R. 45.

In its Answering Brief, Plaintiff discounts Defendant Brown's assertion that

1

approximately fifty employees of Stack Teck Canada, who received the bonuses, and who are residents of Ontario, Canada, are knowledgeable witnesses. These fifty individuals would have knowledge of the bonus plan in the prior years and their receipt of the bonus plan materials in March 2005 for the bonus that is at issue in this case (approximately nine months before the bonus was paid to them). (Affidavit ¶ 9 & 13). This information is vital to establish the legitimacy of the practice of awarding bonuses and the knowledge of the bonus plan that is at issue. Regardless of Plaintiff's offer to make them available to testify at deposition and trial, these approximately fifty employees' convenience weighs heavily in determining that Ontario, Canada is a more convenient forum than Delaware. (Affidavit ¶ 13). In addition, the mere assurance that certain individuals will appear at trial is not the same thing as having them amenable to the subpoena power of the trial court. See Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 205 (D. Del. 1998).

**B.     There are no documents in Delaware.**

In its Answering Brief, Plaintiff alleges that the relative access to relevant documents, i.e., Board minutes, financial records and Defendant Brown's employment records, favors Delaware. (Answering Brief at 9). However, as set forth in Defendant's Affidavit, Plaintiff Stack Teck Holding has no physical existence in Delaware. (Affidavit ¶ 2). In fact, and contrary to Plaintiff's allegation, all of the relevant documentation is in Canada. The Board meetings were in Canada, which is also where all of the financial records are located. Further, the bonus plans containing the specific formulas were distributed in March 2005 to the employees of Stack Teck Canada, in Ontario, Canada. (Affidavit ¶ 9).

While an employee of Stack Teck Canada, Mr. Brown had no communications with, or

2

connection with, business activity in the State of Delaware. (Affidavit ¶ 6). In addition, all of the actions that Plaintiff alleges are the core factual issues (Answering Brief at 7) have their nexus in Canada, which weighs heavily for a determination of dismissal. See Gund v. Philbrook's Boatyard, 374 F. Supp. 2d 909 (W.D. Wash. 2005)(granting a motion to dismiss under doctrine of forum non conveniens where the incident occurred in Canadian waters).

II.   **THE PUBLIC INTEREST CLEARLY FAVORS CANADA AS A FORUM.**

   A.   **Ontario law must be applied to determine whether Mr. Brown was terminated for cause, i.e., whether he breached a fiduciary duty owed to Stack Teck Canada.**

Plaintiff seeks a declaratory judgment that Mr. Brown was terminated for cause.[1] (Complaint ¶ 18 - 20). Defendant David Brown was an employee of an Canadian company, Stack Teck Canada, headquartered in Ontario, Canada. He had been employed by Stack Teck Canada, or its precursors, from 1979 until his wrongful termination on July 19, 2006. (Affidavit ¶ 5). Mr. Brown's salary and bonuses, as well as the partial repayment of his promissory note, came directly from Stack Teck Canada and its bank account. (Affidavit ¶ 5). According to the Plaintiff, the basis for Mr. Brown's termination was a breach of a fiduciary duty. However, the only fiduciary duties that, if breached, could be "cause" for termination of Mr. Brown, are those he owed to Stack Teck Canada - Mr. Brown's employer - not Stack Teck Holding. Because of this fact, Plaintiff cannot dispute that Ontario law must be applied to its Complaint to determine whether Mr. Brown was terminated for cause, i.e., whether he breached a duty owed to Stack Teck Canada under Ontario law.

Neither this Court, nor a Delaware jury, should be required to apply Canadian law, which is entirely contrary to the <u>at-will</u> doctrine that Delaware is accustomed to applying. Plaintiff argues that all this Court would have to do to under the law of Ontario is to apply the definition of "cause" to the facts of the case. (Plaintiff's Brief at 11). This is not as simple as Plaintiff

---

[1] Mr. Brown had previously advised Plaintiff that he would be filing an action for, <u>inter alia</u>, wrongful termination under Ontario Law. A letter was sent to Plaintiff's counsel on August 2, 2006.

4

would lead the court to believe, since it would require the interpretation of the definition and application of Ontario case law. See Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc., 295 F. Supp. 2d 400 (D. Del. 2002)(stating "The Court is unfamiliar with Canadian law and may have to rely on experts from Canada, thereby increasing the costs for trial.").

In Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc., 295 F. Supp. 2d 400 (D. Del. 2002), this Court held that the Delaware action should be dismissed for forum non conveniens, in favor of Canada. That case supports the dismissal of this case in favor of Canada. Plaintiff's only attempt to distinguish the case was on the basis of the relationship of the parties, which does not affect the basis for the holding.

**B.  Ontario law must be applied to determine whether Mr. Brown breached a fiduciary duty owed to Stack Teck Holding.**

In an effort to end-run the nexus Canada has to this dispute, Plaintiff alleges that Delaware law should be applied to its First Count - whether Defendant Brown breached any fiduciary duties owed to Stack Teck Holding. However, although the state of incorporation should normally regulate a corporation's internal affairs, in this case Stack Teck Holding is merely a shell holding company, not a functioning parent company, as in the cases relied upon by Plaintiff. Plaintiff's cases therefore have no application to this case.

Stack Teck Holding has no offices or employees. (Affidavit ¶ 2). It only functions through its two operating companies - Stack Teck Canada and Stack Teck California., at the times relevant to the Complaint. The Board of Directors on all three companies were identical and wore the same hats. All of the Board meetings were held in Toronto, Canada or by telephone. (Affidavit ¶ 11). The Boards approved the bonuses. (Affidavit ¶ 7). It was in his

5

position as President and CEO of Stack Teck Canada that Mr. Brown was charged with administering the bonus plan since its inception years prior. (Affidavit ¶ 7). The fiduciary duty to the Canadian operating company would be the same fiduciary duty to the holding company. Plaintiff and Canada has an equal, if not greater, interest in deciding that duty and whether it was breached. Thus the fiduciary duty owed to the operating companies should govern whether that duty was breached with the shell corporation. If Mr. Brown complied with his duties to the Canadian company in distributing the bonuses, which he was authorized to do, then he would have complied with any duty to the shell/Plaintiff.

### C. Canada's interest outweighs any interest by Delaware in the decision of this controversy.

Mr. Brown's issuance of the bonuses came from his position as President and CEO of Stack Teck Canada. (Affidavit ¶ 7). Stack Teck Canada is a Canadian corporation. (Complaint ¶ 4). The bonuses that were provided to employees of Stack Teck Canada were through its bank account in Canada. (Affidavit ¶ 13). The bonuses were distributed because Stack Teck Canada employees met, and exceeded, Stack Teck Canada's annual goals. (Affidavit ¶ 12).

The only connection that Stack Teck Holding has with Delaware it that is was incorporated there. It has no offices in Delaware or elsewhere. (Affidavit ¶ 2). There are no individuals paid by Stack Teck Holding. (Affidavit ¶ 2). As set forth above, all of the events relevant to this action occurred in Canada. Therefore, Canada's interest outweighs Delaware's in the decision of this Canadian controversy. See Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc., 295 F. Supp. 2d 400, 412 (D. Del. 2002).

Failure to dismiss this case on the grounds of forum non conveniens would require this

6

Court to "untangle problems in conflict of laws, and in law foreign to itself." <u>Id</u>. (citing to <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 509 (1947)).

## CONCLUSION

For the reasons set forth above, and the authorities in support of the those reasons, Defendant prays that this Court enter an Order dismissing the Complaint.

Respectfully submitted,

**RICHARD R. WIER, JR., P.A.**

_____
Richard R. Wier, Jr. (#716)
Two Mill Road, Suite 200
Wilmington, DE 19806
(302)888-3222

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of September 2006, that I caused the attached document to be filed with the Clerk of the Court through CM/ECF, which will send notification of said filing to counsel of record.

**RICHARD R. WIER, JR., P.A.**

_/s/ Richard R. Wier_
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
Two Mill Road, Suite 200
Wilmington, DE 19806
(302)888-3222

9