# RICHARD R. WIER, JR., P.A.

**ATTORNEY AT LAW**

RICHARD R. WIER, JR.*

**TWO MILL ROAD, SUITE 200**
**WILMINGTON, DELAWARE 19806**

www.Wierlaw.com

**(302) 888-3222**
**FAX (302) 888-3225**

*ALSO ADMITTED IN PA

RWier@Wierlaw.com

December 18, 2006

**Via CM/ECF and By Hand**

The Honorable Kent A. Jordan
Magistrate Judge Mary Pat Thynge
United States District Court
District of Delaware
844 King Street
Wilmington, Delaware 19801

> Re:  **Stack Teck Systems, Inc. v. David Brown**
> **C.A. No.: 06-507 ***

Dear Magistrate Thynge:

We represent the Defendant, David Brown, in the above captioned case. The Plaintiff is represented by David J. Margules and out-of-state counsel, Robert W. Forman.

We prepared the following letter to Judge Jordan and called his office to schedule a conference with the Court. We were given dates in January. Prior to sending and e-filing this letter we were advised today that Judge Jordan has been elevated to the Third Circuit Court of Appeals. We, therefore, are filing this discovery dispute to you as the Judge who will be responsible for Judge Jordan's cases until they are assigned to his replacement. The crux of this matter is the existence of a pending Motion to Dismiss filed on behalf of our client. While that motion is pending, Defendant, Mr. Brown, prepared this letter to stay discovery until the motion was decided by Judge Jordan. As of his elevation, he has not decided the Motion. The uncertainty of a ruling on the Motion to Dismiss underscores the need for a stay of discovery; particularly given the fact that there is a pending action between the parties relating to the same subject matter and issues as are in this Court. The parties can conduct the same discovery in that action and there will be no prejudice to the Plaintiff by the issuance of a stay.

"We write pursuant to the Scheduling Order of September 27, 2006, Paragraph 3(e) Discovery Disputes. Under that Order, 'disputes over protective orders are to be addressed in the

The Honorable Kent A. Jordan
Magistrate Judge Mary Pat Thynge
December 18, 2006
Page Two

first instance in accordance with this paragraph.' This is a dispute as to the propriety of the entry of a protective order. Defendant, Mr. Brown, respectfully requests the entry of a Protective Order staying discovery pending the Court's decision on the dispositive motion by Defendant to Dismiss For Forum <u>Non Conveniens</u>. That motion has been fully briefed. We have called the Court and the Court provided dates in January for a teleconference. This letter is being presented at least 48 hours prior to that conference.

On November 16, 2006 Plaintiff filed its First Set of Interrogatories and Plaintiff's First Set of Document Requests. Because there is a pending motion which addresses the substantive issue of whether this action should proceed, we wrote to Plaintiff's counsel requesting an agreement to an informal stay of discovery and of our response to that discovery until the Court rules on our Motion to Dismiss. [Ex.A]. This letter was in furtherance of our obligations to attempt resolution amicably prior to bringing it to the Court. On December 7, 2006, Defendant's Counsel opposed our request. [Ex. B].

We are sensitive to the fact that during the scheduling conference Your Honor was reluctant to grant a stay of discovery in the abstract at that juncture. However, since the conference, Defendant has filed and served on the Plaintiff a Complaint in Canada, raising the same issues as the Delaware Complaint.[Ex.C]. Accordingly, our position in support of a stay is that there is a convenient forum, Canada, where discovery can proceed and the possibility of litigating on two fronts is onerous and expensive; particularly for the Defendant who is a Canadian citizen and who has no contacts with Delaware. In addition, the propriety of discovery under the Federal rules may well implicate different issues under Canadian law and procedure. We do not, and cannot, represent that the discovery in this Court will be admissible or even limit the discovery in the Canadian suit. The discovery sought by the Plaintiff in this Court has nothing to do with the facts supporting the Motion to Dismiss which addresses the inconvenience of Delaware as a forum. Plaintiff in this case knew that Defendant Mr. Brown was asserting a claim against it and it rushed to Delaware which is, we submit, an inconvenient forum.

This Court has held that the stay of discovery pending resolution of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources," <u>Coastal States Gas Corporation v. DOE</u>, 84 F.R.D. 278, 283 ( D. Del. 1979).

We pray that the Court hold in abeyance any discovery pending resolution of our client's Motion to Dismiss."

Respectfully submitted,

**RICHARD R. WIER, JR., P.A.**

_/s/ Richard R. Wier, Jr._
Richard R. Wier, Jr. (#716)
Two Mill Road, Suite 200
Wilmington, DE 19806
(302)888-3222

cc:     Robert W. Forman, Esq.
        David J. Margules, Esq.
        Eric Gionet, Esq.
        David Brown
        Clerk of the Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

STACK TECK SYSTEMS, INC.  :

      Plaintiff,  :

      v.  :      C.A. No. 06-507 KAJ

DAVID BROWN  :

      Defendant.  :

## ORDER

Upon consideration of Defendant's request that Disclosure be stayed, and upon consideration of Plaintiff's response thereto

IT IS ORDERED this ___ day of _____ 2006

    1. Defendant's request for stay is Granted.

    2. Discovery is stayed pending the Court's decision on Defendant's Motion to Dismiss.

_____

# EXHIBIT A

# RICHARD R. WIER, JR., P.A.

ATTORNEY AT LAW

RICHARD R. WIER, JR.*

TWO MILL ROAD, SUITE 200
WILMINGTON, DELAWARE 19806

www.Wierlaw.com

(302) 888-3222
FAX (302) 888-3225

*ALSO ADMITTED IN PA

RWier@Wierlaw.com

December 4, 2006

**VIA FACSIMILE (302)573-3501**
**AND E-MAIL dmargules@bmf-law.com**
David J. Margules, Esq.
Bouchard, Margules & Friedlander, PA
222 Delaware Avenue - Suite 1400
Wilmington, DE 19801

**VIA FACSIMILE (212)557-1275**
**AND E-MAIL forman@sfa-law.com**
Robert W. Forman, Esq.
Shapiro, Forman & Allen
380 Madison Avenue
New York, NY 10017

Re:     **Stack Teck Systems, Inc. v. David Brown**
         **C.A. No.: 06-507 KAJ**

Dear David & Robert:

This is to resolve an issue prior to going to the Court for resolution. The issue relates to the fact that you have filed discovery in the Delaware District Court, while there is pending and has been briefed, a Motion to Dismiss. In addition, there is also pending a Complaint, raising the same issues as the Delaware Complaint, in Canada and service has been effected on your clients in that action.

As a result of the Motion to Dismiss and the pending Canadian action, I believe that responding to your discovery is onerous and would be used by you as a basis for seeking to have the Motion to Dismiss denied. In fact, you cited the fact that you had filed discovery in our telephone conference with Judge Thynge's office in an effort to try to obtain a mediation date. I opposed the mediation because of the pending Motion to Dismiss and mediation was not scheduled.

I believe the initiation of the discovery was designed to be used as leverage in connection with the Motion to Dismiss and, in fact, may be used by your clients in the Canadian action, although, an answer has not yet been filed in that action. In a good faith effort to try to resolve this issue, I request that you agree to an informal stay of discovery and of our responses to that discovery until the court rules on our Motion to Dismiss. Please advise by December 6, 2006 as to your position. If we can not resolve this, we will need to have the Court decide the issue pursuant to a Rule 26c Motion.

Very truly yours,

Richard R. Wier, Jr.

RRWJr:jt
cc:     David Brown
         Erik Gionet, Esq.

# EXHIBIT B

## SHAPIRO FORMAN ALLEN SAVA & McPHERSON LLP

380 MADISON AVENUE

NEW YORK, NEW YORK 10017

(212) 972-4900

FAX (212) 883-1941

STUART L. SHAPIRO
ROBERT W. FORMAN
MICHAEL I. ALLEN
LAURIE J. McPHERSON
MATTHEW J. SAVA

JOAN DACEY-SEIB
OF COUNSEL

YORAM J. MILLER
JASON C. VIGNA

December 7, 2006

**Via Facsimile and Email**
Richard R. Weir, Jr., Esq.
Richard R. Weir, Jr., P.A.
Two Mill Road, Suite 200
Wilmington, DE 19806

Re:    *StackTeck Systems, Inc. v. David Brown*, C.A. No.: 06-507 KAJ

Dear Richard:

I write in response to your December 4, 2006 letter requesting to stay discovery in the above-captioned action until the Court rules on David Brown's ("Brown") *forum non conveniens* motion. Your current request recycles the very argument Judge Jordan rejected during the September 14, 2006 conference call to set a Scheduling Order (the "September 14 Conference"). We will not agree to the requested stay for the reasons I articulated on that conference call.

During the September 14 Conference, you argued that discovery should be stayed until Brown's *forum non conveniens* motion is adjudicated. I opposed your request, noting that any discovery in this Action could be used in any Canadian proceedings as well as in this Action. Judge Jordan accepted our position and entered an Order setting April 30, 2007 as the closing date for discovery.

The discovery StackTeck Systems, Inc. ("StackTeck") seeks will ultimately be obtained, irrespective of where StackTeck and David Brown litigate their claims. Staying that discovery would serve no purpose other than needless delay.

If you have questions or concerns regarding any of the documents requests or interrogatories we served, I would be happy to discuss them with you. However, we will not agree to stay discovery.

Very truly yours,

Robert W. Forman

# EXHIBIT C

## AFFIDAVIT OF PERSONAL SERVICE

STATE OF DELAWARE       }
                             }ss.

COUNTY OF NEW CASTLE   }

I, Carey M. Shea, of the State of Delaware, County of New Castle, being duly sworn, says that on the 22nd day of November, 2006, at 11:23 a.m., I personally served a copy of a STATEMENT OF CLAIM on **STACKTECK SYSTEMS INCORPORATED,** by serving its registered agent, The Corporation Trust Company, at 1209 Orange Street, Wilmington, DE 19801.

Name of individual accepting service: Scott LaScala- Section Head of Service of Process. Description of individual : White male, 5'7"-5'9" tall, 150-170lbs with brown hair.

Subscribed and sworn before me
This 22nd day of November, 2006

_____
Notary Public

SEAN L. KENNEDY
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires

My commission expires:

Court File No.  06 - 1221

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE

BETWEEN



DAVID BROWN

(Plaintiff)

-and-

STACKTECK SYSTEMS LIMITED
and STACKTECK SYSTEMS INCORPORATED

(Defendants)

## STATEMENT OF CLAIM

TO THE DEFENDANT(S)

A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU by the Plaintiff. The claim made against you is set out in the following pages.

IF YOU WISH TO DEFEND THIS PROCEEDING, you or an Ontario lawyer acting for you must prepare a Statement of Defence in Form 18A prescribed by the Rules of Civil Procedure, serve it on the Plaintiff's lawyer, or, where the Plaintiff does not have a lawyer, serve it on the Plaintiff, and file it, with proof of service, in this court office, WITHIN TWENTY DAYS after this Statement of Claim is served on you, if you are served in Ontario.

If you are served in another province or territory of Canada or in the United States of America, the period for serving and filing your Statement of Defence is forty days. If you are served outside Canada and the United States of America, the period is sixty days.

Instead of serving and filing a Statement of Defence, you may serve and file a Notice of Intent to Defend in Form 18B prescribed by the Rules of Civil Procedure. This will entitle you to ten more days within which to serve and file your Statement of Defence.

IF YOU FAIL TO DEFEND THIS PROCEEDING, JUDGMENT MAY BE GIVEN AGAINST YOU IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU. IF YOU WISH TO DEFEND THIS PROCEEDING BUT ARE UNABLE TO PAY LEGAL FEES, LEGAL AID MAY BE AVAILABLE TO YOU BY CONTACTING A LOCAL LEGAL AID OFFICE.

PURSER DOOLEY    Fax:7057926911    Dec 4 2006 11:47    P.01

- Nov-30-06    12:00pm    From-    T-833    P 002/002    F-081

Barristers & Solicitors
Patent & Trade-mark Agents

# McCarthy Tétrault

McCarthy Tétrault LLP
Box 48, Suite 4700
Toronto Dominion Bank Tower
Toronto ON  M5K 1E6
Canada
Telephone: 416 362-1812
Facsimile: 416 868-0673
mccarthy.ca

Thomas N.T. Sutton
Direct Line: 416 601-8082
Direct Fax: 416 868-0673

Assistant:    Mavis Weekes
Direct Line: 416-601-8200 Ext. 542325
E-Mail:    mweekes@mccarthy.ca

November 30, 2006

*VIA FACSIMILE*

Mr. Eric Gionet
Purser, Dooley LLP
151 Ferris Lane
Suite 300
Barrie ON  L4M 6C1

Dear Mr. Gionet:

Re:    **StackTeck ats David Brown**

We have been retained by Stackteck Systems Limited and Stackteck Systems Incorporated in relation to the claim commenced by David Brown in the Ontario Superior Court of Justice, Court File No. 06-1221.

We are in the process of reviewing the claim and will respond to you regarding our clients' intentions in due course.  In the meantime, we ask that you not take any steps to note our clients in default without reasonable written notice.

I am being assisted in this matter by Cecilia Hoover.  Please feel free to contact me at the above noted number or Ms. Hoover at 416-601-8041 if you have any questions.

Yours very truly,

Thomas N.T. Sutton

TNTS/mw

Vancouver, Calgary, London, Toronto, Ottawa, Montréal, Québec and London, England

PURSER DOOLEY          Fax:7057926911          Dec 4 2006 11:47          P.03

PURSER DOOLEY          Fax:7057926911          Nov 14 2006 14:50          P.01

Court File No. 06-122)

## ONTARIO
## SUPERIOR COURT OF JUSTICE

BETWEEN



DAVID BROWN

(Plaintiff)

-and-

STACKTECK SYSTEMS LIMITED
and STACKTECK SYSTEMS INCORPORATED

(Defendants)

## STATEMENT OF CLAIM

TO THE DEFENDANT(S)

A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU by the Plaintiff. The claim made against you is set out in the following pages.

IF YOU WISH TO DEFEND THIS PROCEEDING, you or an Ontario lawyer acting for you must prepare a Statement of Defence in Form 18A prescribed by the Rules of Civil Procedure, serve it on the Plaintiff's lawyer, or, where the Plaintiff does not have a lawyer, serve it on the Plaintiff, and file it, with proof of service, in this court office, WITHIN TWENTY DAYS after this Statement of Claim is served on you, if you are served in Ontario.

If you are served in another province or territory of Canada or in the United States of America, the period for serving and filing your Statement of Defence is forty days. If you are served outside Canada and the United States of America, the period is sixty days.

Instead of serving and filing a Statement of Defence, you may serve and file a Notice of Intent to Defend in Form 18B prescribed by the Rules of Civil Procedure. This will entitle you to ten more days within which to serve and file your Statement of Defence.

IF YOU FAIL TO DEFEND THIS PROCEEDING, JUDGMENT MAY BE GIVEN AGAINST YOU IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU. IF YOU WISH TO DEFEND THIS PROCEEDING BUT ARE UNABLE TO PAY LEGAL FEES, LEGAL AID MAY BE AVAILABLE TO YOU BY CONTACTING A LOCAL LEGAL AID OFFICE.

PURSER DOOLEY          Fax:7057926911          Dec 4 2006 11:47      P.04

Court File No:  06-1221

ONTARIO
## SUPERIOR COURT OF JUSTICE

BETWEEN:

DAVID BROWN

PLAINTIFF

-AND-

STACKTECK SYSTEMS LIMITED
and  STACKTECK SYSTEMS INCORPORATED

DEFENDANT

### AFFIDAVIT OF SERVICE

I,  RICHARD BREAREY                     PROCESS SERVER
OF THE CITY                             OF MISSISSAUGA
IN THE REGIONAL MUNICIPALITY            OF PEEL

MAKE OATH AND SAY:

1.  ON  NOVEMBER 15, 2006 AT APPROXIMATELY 9:51 A.M.,

    I SERVED STACKTECK SYSTEMS LIMITED

    WITH THE STATEMENT OF CLAIM

    BY LEAVING A COPY WITH GENE MASSA  H.R. DIRECTOR

    AT  1 PAGET ROAD BRAMPTON, ONTARIO L6T 5S2

2.  I WAS ABLE TO IDENTIFY THE PERSON BY MEANS OF
    PERSONAL INQUIRY AND HIS VERBAL ACKNOWLEDGMENT
    AND AT THE TIME OF SERVICE APPEARED TO BE IN CONTROL
    AND/OR MANAGEMENT.

SWORN BEFORE ME AT THE           ]
TOWN OF MILTON                   ]
IN THE REGIONAL                  ]
MUNICIPALITY OF HALTON           ]
THIS 17TH DAY OF NOVEMBER, 2006  ]

A COMMISSIONER FOR TAKING AFFIDAVITS, ETC.

MICHELLE LANE, a Commissioner, etc.,
Regional Municipality of Halton, for Precision
Paralegal & Business Services Inc. and for
Process Serving and Tenant Protection Act,
1997 matters only. Expires December 15, 2008.

PURSER DOOLEY          Fax:7057926911          Dec 4 2006 11:47          P.05

Court File No.  06 - 1221

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**

B E T W E E N



DAVID BROWN

(Plaintiff)

-and-

STACKTECK SYSTEMS LIMITED
and STACKTECK SYSTEMS INCORPORATED

(Defendants)

## STATEMENT OF CLAIM

TO THE DEFENDANT(S)

A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU by the Plaintiff. The claim made against you is set out in the following pages.

IF YOU WISH TO DEFEND THIS PROCEEDING, you or an Ontario lawyer acting for you must prepare a Statement of Defence in Form 18A prescribed by the Rules of Civil Procedure, serve it on the Plaintiff's lawyer, or, where the Plaintiff does not have a lawyer, serve it on the Plaintiff, and file it, with proof of service, in this court office, WITHIN TWENTY DAYS after this Statement of Claim is served on you, if you are served in Ontario.

If you are served in another province or territory of Canada or in the United States of America, the period for serving and filing your Statement of Defence is forty days. If you are served outside Canada and the United States of America, the period is sixty days.

Instead of serving and filing a Statement of Defence, you may serve and file a Notice of Intent to Defend in Form 18B prescribed by the Rules of Civil Procedure. This will entitle you to ten more days within which to serve and file your Statement of Defence.

IF YOU FAIL TO DEFEND THIS PROCEEDING, JUDGMENT MAY BE GIVEN AGAINST YOU IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU. IF YOU WISH TO DEFEND THIS PROCEEDING BUT ARE UNABLE TO PAY LEGAL FEES, LEGAL AID MAY BE AVAILABLE TO YOU BY CONTACTING A LOCAL LEGAL AID OFFICE.

Court File No.  o 6 - 1 2 2 )

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE

B E T W E E N



DAVID BROWN

(Plaintiff)

-and-

STACKTECK SYSTEMS LIMITED
and STACKTECK SYSTEMS INCORPORATED

(Defendants)

## STATEMENT OF CLAIM

TO THE DEFENDANT(S)

A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU by the Plaintiff. The claim made against you is set out in the following pages.

IF YOU WISH TO DEFEND THIS PROCEEDING, you or an Ontario lawyer acting for you must prepare a Statement of Defence in Form 18A prescribed by the Rules of Civil Procedure, serve it on the Plaintiff's lawyer, or, where the Plaintiff does not have a lawyer, serve it on the Plaintiff, and file it, with proof of service, in this court office, WITHIN TWENTY DAYS after this Statement of Claim is served on you, if you are served in Ontario.

If you are served in another province or territory of Canada or in the United States of America, the period for serving and filing your Statement of Defence is forty days. If you are served outside Canada and the United States of America, the period is sixty days.

Instead of serving and filing a Statement of Defence, you may serve and file a Notice of Intent to Defend in Form 18B prescribed by the Rules of Civil Procedure. This will entitle you to ten more days within which to serve and file your Statement of Defence.

IF YOU FAIL TO DEFEND THIS PROCEEDING, JUDGMENT MAY BE GIVEN AGAINST YOU IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU. IF YOU WISH TO DEFEND THIS PROCEEDING BUT ARE UNABLE TO PAY LEGAL FEES, LEGAL AID MAY BE AVAILABLE TO YOU BY CONTACTING A LOCAL LEGAL AID OFFICE.

- 2 -

Dated: November 14 2006      Issued by: _____
                                              **Local Registrar**

                        Address of
                        Court office    114 Worsley Street
                                        Barrie, ON L4M 1M1


TO:       StackTeck Systems Limited
          1 Paget Road
          Brampton, Ontario
          L6T 5S2

AND TO:   StackTeck Systems Incorporated
          c/o The Corporation Trust Company
          Corporation Trust Center
          1209 Orange Street
          Wilmington, New Castle
          Delware, U.S.A.   19801

- 3 -

## CLAIM

1.      The Plaintiff claims from the Defendants:

   (a)     a declaration that the Plaintiff's employment with StackTeck Systems Limited and StackTeck Systems Incorporated was wrongfully terminated on or about July 19, 2006;

   (b)     damages for wrongful dismissal in the amount of $1,000,000;

   (c)     termination pay in the amount of $42,307.69 pursuant to the *Employment Standards Act*, R.S.O. 1990 c. E-14, as amended;

   (d)     severance pay in the amount of $137,500.00 pursuant to the *Employment Standards Act*, R.S.O. 1990 c. E-14, as amended;

   (e)     punitive, exemplary and/or aggravated damages in the amount of $250,000.00;

   (f)     special damages in the amount of $100,000;

   (g)     prejudgment and post-judgment interest pursuant to the *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended;

   (h)     costs on a full indemnity basis;

   (i)     such further and other relief as this Honourable Court deems just.

## The Parties

2.      The Plaintiff is a 54 year old gentleman residing in the Village of Lisle, in the Province of Ontario. The Plaintiff has resided in the Province of Ontario for his entire life, without interruption.

3.      The defendant, StackTeck Systems Limited ("**StackTeck Canada**") is a company incorporated pursuant to the laws of the Province of Ontario and carries on business as a provider of tooling solutions and equipment for the injection moulding industry. StackTeck Canada has

- 4 -

its registered head office located in the City of Brampton, Province of Ontario.  At all material times StackTeck Canada carried on business in the Province of Ontario and throughout Canada.

4.       The defendant, StackTeck Systems Incorporated. ("**StackTeck Inc.**") is a company incorporated pursuant to the laws of the State of Delaware, in the United States of America. StackTeck Inc. has no offices and no employees carrying on business.  StackTeck Inc. is strictly a holding company for the shares of StackTeck Canada and a related company namely StackTeck Systems California, Ltd. ("**StackTeck California**").

5.       StackTeck Inc. conducts no day-to-day business operations.  All business activities of StackTeck are carried out by either StackTeck Canada or StackTeck California, depending on the particular product.

6.       The majority of shares of StackTeck Inc. are owned and/or controlled by Woodside Capital Management, LLC ("**Woodside**"), and Annex Capital ("**Annex**"), who were previously StackTeck Inc.'s principal lenders.  Woodside and Annex purchased the majority shares of StackTeck Inc. in or about the fall of 2005.  The minority of shares are owned by various individuals, including past and current employees of StackTeck Inc., including the Plaintiff.

7.       When Woodside and Annex acquired controlling ownership of StackTeck Inc. in the fall of 2005 they appointed their own representatives to the Defendants Board of Directors.  The Plaintiff remained on the Board of Directors for StackTeck Canada.

- 5 -

## The Plaintiff's Employment

8.      The Plaintiff's employment with StackTeck Canada and StackTeck Inc. was terminated on July 19, 2006. As detailed below, the Plaintiff pleads that his employment was terminated without just cause and without proper notice, or pay-in-lieu of notice. Furthermore, the Plaintiff pleads that the Defendants have acted in bad faith in the circumstances surrounding the termination of the Plaintiff's employment.

9.      At the time of his dismissal the Plaintiff had been employed with StackTeck Canada and StackTeck Inc. (and its predecessors) for approximately 28 years.

10.      At the time of his dismissal from StackTeck Canada the Plaintiff held the position of CEO and President earning an annual salary of $275,000.

11.      As part of his total remuneration, the Plaintiff was also entitled to employment benefits from StackTeck Canada, which included an incentive bonus, car allowance, group life insurance, group disability insurance, health and dental benefits.

12.      In addition to his positions with StackTeck Canada, the Plaintiff also held the following positions:

  a)      CEO and President of StackTeck Inc.;

  b)      President of StackTeck California.

13.      The Plaintiff pleads that, notwithstanding the various positions he held, StackTeck Canada was the Plaintiff's true employer in fact and in law. At all times, the Plaintiff's salary and bonuses were paid by StackTeck Canada in Canadian funds from the Canadian business operations.

- 6 -

14.    In the alternative, the Plaintiff pleads that both StackTeck Canada and StackTeck Inc. were the Plaintiff's employer by virtue of being affiliated and related corporations. The Plaintiff pleads that StackTeck Canada and StackTeck Inc. are jointly and severally liable for any and all amounts owing to the Plaintiff.

**The Incentive Bonuses**

15.    StackTeck Canada and StackTeck California had employee incentive bonus plans in place for management and supervisory employees. These bonus plans had been in place for each company for many years and were included in the annual financial budgets for each company.

16.    The bonus plans were based primarily on the performance of StackTeck Canada and StackTeck California and rewarded the employees for each company hitting their performance targets. The bonus plans had three basic components:

a)    the first component was non-discretionary and was based upon individual performance targets for StackTeck Canada and StackTeck California. If either StackTeck Canada or StackTeck California reached their individual target levels, then the first component of the incentive bonus would become payable to the respective management and supervisory employees based upon the pre-determined formula. The entitlement of StackTeck Canada employees to receive this portion of the bonus was not dependent upon StackTeck California achieving their targets, or vice versa.

b)    the second component was non-discretionary and was based upon a combined target level for StackTeck Canada and StackTeck California together. This portion of the bonus combined the performances of the 2 companies to promote inter-company activity and co-operation. This portion of the bonus would become payable if the combined operations of StackTeck Canada and StackTeck California reached certain target levels. However, failure to reach these combined target levels would not disentitle StackTeck Canada employees or StackTeck California employees to payment of the first portion of the performance bonuses if the individual companies reached their individual targets.

c)    the third component was based upon as small discretionary amount to reflect the efforts of the individual employee.

- 7 -

17.    The formula and target levels for StackTeck Canada and StackTeck California were reviewed by the Board of Directors and approved as part of the annual operating budget every year. If the performance targets were reached in any given year, then the bonus became payable. The incentive bonuses were paid to the entitled employees every year that the company achieved its target, regardless whether the company was in default of any loan obligations.

18.    As President and CEO of StackTeck Canada, the Plaintiff was responsible for the administration of the StackTeck Canada employee incentive bonus plan for the Canadian operations. The Plaintiff had carried out and fulfilled this responsibility on behalf of StackTeck Canada for many years prior to 2005.

**The 2005 Bonus**

19.    In the fall of 2004 a financial budget was presented to StackTeck Canada's Board of Directors for the 2005 fiscal year. The budget included figures for the employee incentive bonus plan. The budget, including the employee incentive bonus plan, was approved by the Board of Directors for the 2005 fiscal year.

20.    Every month the Board of Directors for StackTeck Canada received financial statements from the Chief Financial Officer which contained the administration expenses of StackTeck Canada, including the accrued bonus payout for the 2005 fiscal year. In addition, Woodside and Annex received copies of these financial statements prior to them taking control of the Board of Directors in the Fall of 2005 as they were the senior lenders to the company.

21.    In or about March of 2005 the management and supervisory employees of StackTeck Canada were provided with their performance targets for the 2005 year.

- 8 -

22.      In 2005 there were approximately 50 management and supervisory employees at StackTeck Canada who were entitled to participate in the incentive bonus plan by virtue of the position they held with the company and the terms of their employment.

23.      In 2005 the Plaintiff was entitled to participate in the incentive bonus plan for both StackTeck Canada and StackTeck California.

24.      In December 2005 StackTeck Canada learned that it had achieved and surpassed the target levels established for the incentive bonus. However, StackTeck California did not achieve its target levels for 2005.

25.      In fulfilment of his duties and responsibilities as President of StackTeck Canada, in December 2005 the Plaintiff authorized StackTeck Canada to begin issuing payment of the appropriate bonuses to all management and supervisory employees pursuant to the incentive bonus plan. Approximately 50 StackTeck Canada employees received their bonus payment for the 2005 fiscal year from StackTeck Canada.

26.      As President and CEO, the Plaintiff qualified and was entitled to receive a bonus from StackTeck Canada for the 2005 year similar to other senior management employees. In accordance with the pre-established formula, the Plaintiff was entitled to receive a bonus from StackTeck Canada in the sum of $105,000.

27.      Since StackTeck California did not achieve its individual targets, no bonuses were paid to StackTeck California employees for 2005. The Plaintiff did not receive a bonus from StackTeck California for 2005, nor did anyone else.

- 9 -

28.      In 2005 the Plaintiff was owed in excess of $120,000 (plus accumulating interest) from StackTeck Canada pursuant to a Promissory Note that matured in 2005. In November 2005 the Plaintiff had a discussion with Mr. Scott Schooley, a member of the Board of Directors for StackTeck Canada, whereby Mr. Schooley provided the Plaintiff with authority and consent for the Plaintiff to receive his incentive bonus payment as a repayment towards his $120,000 Promissory Note in lieu of it being characterized as a taxable bonus payment.

29.      In early 2006 the Plaintiff received the sum of $105,000 from StackTeck Canada which was openly and duly recorded in the financial books for the company.

30.      The Plaintiff did not in any way hide, or try to hide, any of the bonus payments that were made to any of the employees of StackTeck Canada or the $105,000 payment to himself. All payments were properly made and properly recorded by StackTeck Canada.

**The Dismissal**

31.      In June of 2006 the Plaintiff was informed that StackTeck Canada was investigating the payment of bonuses that had been made to the StackTeck Canada employees for 2005, including the bonus payment to the Plaintiff.

32.      On or about June 28, 2006 the Plaintiff was placed on an involuntary leave of absence by StackTeck Canada while it investigated the 2005 bonus payments

33.      On July 19, 2006 the Plaintiff was informed that his employment with StackTeck Inc. "and its Subsidiaries" was being terminated for just cause effectively immediately.  The termination letter authored by Mr. Scott Schooley for the Board of Directors stated, *inter alia,*

PURSER DOOLEY          Fax:7057926911          Nov 14 2006 14:50     P. 10

- 10 -

that the bonuses had been paid without the knowledge or consent of Stack Teck's board and were unauthorized and inappropriate.

34.     The Plaintiff was never informed of the findings or results of the "investigation" that was allegedly conducted by the Defendants.

**Wrongful Dismissal**

35.     The Plaintiff states that the Defendants did not have just cause for the termination of his employment. The Defendants' purported basis for terminating the Plaintiff's employment is baseless, false, contrived and asserted in bad faith.

36.     The Plaintiff states that the Defendants (and their board members) were at all times aware of the bonus plan. The bonus plan had been included in the budgets and had been paid out to employees for many years prior to 2005. In addition, the bonus plan for 2005 was included in the financial budget and information presented to the board members each month.

37.     In the alternative, if the board members of the Defendants were not in fact aware of the bonus plan, then the Defendants and their board members were grossly negligent and incompetent in that regard. The Plaintiff is not responsible in fact or in law for the failure of the individual board members know about, or understand, the workings of the bonus plan.

38.     In addition, the Defendants have asserted as just cause for termination, the characterization of the bonus payment to the Plaintiff as a loan repayment. The Plaintiff states that this characterization of the payment was done only after the Plaintiff obtained the approval of the Defendants through Mr. Scott Schooley. As a result of this approval, rather than being

- 11 -

paid $105,000 by way of the incentive bonus, the Plaintiff was paid $105,000 towards the repayment of the Promissory Note.

39.     Prior to his dismissal the Plaintiff advised the Defendants that if there was a problem with the $105,000 payment being characterized as part of the loan repayment, the Plaintiff was willing to reverse that characterization and thereby receive the payment as a regular bonus payment.

40.     At all times the Plaintiff administered the StackTeck Canada bonus plan honestly and reasonably. In particular, the Plaintiff acted honestly and reasonably in authorizing the payment of the 2005 bonus to the management and supervisory employees of StackTeck Canada.

41.     The Plaintiff pleads that StackTeck Canada had a legal duty and obligation to pay the 2005 bonuses to the management and supervisory employees of StackTeck Canada. The bonuses were part of the remuneration package for these respective employees. The Plaintiff pleads that StackTeck Canada would have been in breach of its employment agreements with all of these employees if StackTeck Canada did not pay the bonuses for 2005. StackTeck Canada and the Plaintiff did not have a choice or discretion whether or not to pay the 2005 bonus. The Plaintiff's actions in authorizing StackTeck Canada to pay the 2005 bonus was in accordance with StackTeck Canada's legal obligations to these employees.

42.     In the alternative, if StackTeck Canada was not obligated to pay-out the 2005 bonus as the Plaintiff honestly believed, then the Plaintiff pleads that his mistake in this regard does not warrant termination for cause. The Plaintiff pleads that the Defendants' discipline of the Plaintiff by terminating his employment for just cause is grossly disproportionate to the Plaintiff's honest mistake.

- 12 -

43.      The Plaintiff pleads that the Defendants failed to fully or reasonably investigate the circumstances surrounding the Plaintiff's decision to pay out the 2005 bonus. Although the Defendants purported to conduct an investigation, the Plaintiff pleads that the investigation was conducted in a cursory, superficial, biased and bad faith manner. The Plaintiff was not requested for any input into the investigation. The Plaintiff pleads that the results of the "investigation" disclosed, or ought to have disclosed, that the Plaintiff had done nothing improper.

44.      The Plaintiff pleads that it was an implied term of his contract of employment that the Defendants would provide reasonable notice of the termination of his employment if he was dismissed without just cause. In all the circumstances, the Plaintiff claims that he is entitled to 30 months notice of the termination of his employment, or payment-in-lieu of notice.

45.      The Plaintiff claims entitlement to the full value of his employment remuneration package during the reasonable notice period, including salary and bonus. In addition, prior to his dismissal the Plaintiff had received employee benefits paid for or contributed by the Defendants including car allowance, life insurance, dental and extended health care plan. The Plaintiff claims the value of these various benefits as part of his remuneration during the reasonable notice period.

46.      At the time of his dismissal, the Plaintiff was earning from the defendant, StackTeck Canada, an annual salary of $275,000.

47.      In addition, and in the alternative, the Plaintiff states that he is entitled to payment of 8 weeks pay for termination pay and 26 weeks for severance pay pursuant to the *Employment Standards Act*, as amended

- 13 -

48.      In addition to the above damages, the Plaintiff states that the Defendants have breached their obligations of good faith and fair dealing towards the Plaintiff thereby entitling him to an increased damage award.  The Plaintiff states that the Defendants have failed to be candid, reasonable, honest and forthright and that their conduct has been unfair, untruthful, misleading and unduly insensitive towards the Plaintiff.  The Defendants' bad faith conduct includes, but is not limited to the following:

    a)    failing to perform a proper and reasonable "investigation" of the circumstances surrounding the payment of the 2005 bonus;

    b)    failing to make reasonable efforts, or any efforts whatsoever, to determine the dismissal laws applicable to the Plaintiff's employment in Ontario;

    c)    terminating the Plaintiff's employment for just cause when the Defendants knew, or ought to have known, that dismissal for just cause was not warranted.

49.      The Plaintiff pleads that the Defendant's actions and conduct entitle the Plaintiff to aggravated, exemplary and punitive damages and to full indemnity for his costs on a full indemnity basis.

50.      As a result of his wrongful dismissal from his employment by the Defendants, the Plaintiff has been and will be put to numerous and various expenses relating to his continued attempts to mitigate his damages by seeking alternate comparable employment, the particulars of which are not known at present time but will be provided prior to trial

51.      Pursuant to subsections 17.02(f),(h) and (o) of the Ontario *Rules of Civil Procedure* this Statement of Claim is to be served upon StackTeck Systems Incorporated outside of Ontario,

- 14 -

without leave of the Court, as this proceeding consists of claims made against this Defendant in respect of:

    a) a contract made in Ontario,

    b) a breach of the contract committed in Ontario,

    c) in respect of damages sustained in Ontario,

    d) against a person outside Ontario who is a necessary or proper party to a proceeding properly brought against another person served in Ontario;


52.    The Plaintiff proposes that this action be tried in the City of Barrie, Province of Ontario.

Date: November 14, 2006


PURSER DOOLEY COCKBURN SMITH LLP
Barristers and Solicitors
300-151 Ferris Lane
Barrie, Ontario L4M 6C1

**Eric O. Gionet**
(LSUC# 40204P)

Tel: (705) 792-6910
Fax: (705) 792-6911

Solicitors for the Plaintiff

Court File No.: 06 - 1727

DAVID BROWN

(Short Title of Proceedings)

– and –

STACKTECK SYSTEMS LIMITED et al.

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**

Proceeding commenced at BARRIE

**STATEMENT OF CLAIM**

**PURSER DOOLEY COCKBURN SMITH LLP**
Barristers and Solicitors
300 - 151 Ferris Lane
Barrie, ON L4M 6C1

**Eric O. Gionet (LSUC# 40204P)**
Tel: (705) 792-6910
Fax: (705) 792-6911

Solicitors for the Plaintiff

(EOG/anw - 24073)