# BOUCHARD MARGULES & FRIEDLANDER

A PROFESSIONAL CORPORATION
SUITE 1400
222 DELAWARE AVENUE
WILMINGTON, DELAWARE 19801
(302) 573-3500
FAX (302) 573-3501

ANDRE G. BOUCHARD
JOEL FRIEDLANDER
DAVID J. MARGULES

JOHN M. SEAMAN
DOMINICK T. GATTUSO
JAMES G. MCMILLAN, III
SEAN M. BRENNECKE

December 21, 2006

**Via E-filing and Hand Delivery**

Magistrate Judge Mary Pat Thynge
United States District Court
District of Delaware
844 N. King Street
Wilmington, Delaware 19801

Re:   Stack Teck Systems, Inc. v. David Brown, C.A. No. 06-507

Dear Judge Thynge:

Please find enclosed a letter from Mr. Yoram Miller, attorney for Plaintiff Stack Teck Systems, Inc., responding to Mr. Wier's December 18, 2006 letter.

Respectfully,

David J. Margules (Bar ID No. 2254)

Enclosure

cc:   Clerk of the Court (by e-filing)
      Richard Wier, Esq.  (by e-filing)

{BMF-W0035479.}

SHAPIRO FORMAN ALLEN SAVA & MCPHERSON LLP

380 MADISON AVENUE

NEW YORK, NEW YORK 10017

STUART L. SHAPIRO
ROBERT W. FORMAN
MICHAEL I. ALLEN
LAURIE J. MCPHERSON
MATTHEW J. SAVA

(212) 972-4900

FAX (212) 883-1941

JOAN DACEY-SEIB
OF COUNSEL

YORAM J. MILLER
JASON C. VIGNA

December 21, 2006

**Via CM/ECF and By Hand**
Magistrate Judge Mary Pat Thynge
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re:   *StackTeck Systems, Inc. v. David Brown*, C.A. No.: 06-507

Dear Magistrate Thynge:

     We represent Plaintiff StackTeck Systems, Inc. ("StackTeck") in the above captioned action. I write in response to Richard R. Wier, Jr., Esq.'s December 18, 2006 letter requesting that discovery be stayed until Defendant David Brown's ("Brown") pending *forum non conveniens* motion is adjudicated. Brown's latest request for a stay rehashes an argument Judge Jordan rejected before being elevated to the Third Circuit Court of Appeals and should be denied for the reasons Judge Jordan articulated.

     On July 25, 2006, StackTeck, a Delaware corporation, sued Brown, a former president, chief executive officer and director of StackTeck, in Delaware Chancery Court (i) to recover bonuses Brown issued to himself and others without board approval and (ii) for a declaration that StackTeck's termination of Brown was for "cause." On August 22, 2006, after removing the Action to this Court, Brown made a *forum non conveniens* motion claiming that Ontario, Canada, is a more convenient forum. StackTeck opposed the motion on the grounds that Brown failed to establish the "exceptional circumstances" necessary to disturb StackTeck's decision to litigate its claims in Delaware. On the contrary, the relevant public and private interest factors – including the need to apply Delaware law, Delaware's strong interest in claims that an officer or director of a Delaware corporation breached his fiduciary duties to the corporation, and the fact that the vast majority of the likely witnesses live in the Northeast United States – favor Delaware.

     On September 14, 2006, the parties participated in a telephonic conference with Judge Jordan to set a Scheduling Order. At the time, the parties recognized that Brown might commence a separate action in Canada. During the conference, Mr. Wier argued that discovery should be stayed until the Court ruled on Brown's *forum non conveniens* motion. StackTeck opposed Mr. Wier's request, noting that, in the unlikely event this Court held that the action

should go forward in Canada, any discovery could be used in the Canadian action. Judge Jordan accepted StackTeck's position, denied Brown's request to stay discovery, and entered an Order setting April 30, 2007 as the closing date for discovery.

On November 16, 2006, StackTeck served its first set of discovery demands upon Brown. The discovery StackTeck seeks will ultimately be obtained, irrespective of where StackTeck's and David Brown's claims are litigated.[1]

Rather than comply with the December 18, 2006 deadline to respond to StackTeck's discovery demands, Brown asked this Court to reverse Judge Jordan's prior ruling and stay discovery while his *forum non conveniens* motion is pending. As Judge Jordan previously determined, the stay Brown requests would only cause needless delay.[2]

StackTeck therefore respectfully requests that the Court re-affirm Judge Jordan's ruling that discovery should proceed while Brown's *forum non conveniens* motion is pending.

Very truly yours,

Yoram Miller

cc: Richard R. Wier, Jr., Esq.

---

[1] StackTeck is moving to dismiss the action Brown filed in Canada last month. No discovery has been sought or obtained in the Canadian action.

[2] Indeed, Brown's latest request runs afoul of the law of the case doctrine. *See In re City of Philadelphia*, 158 F.3d 711, 718 (3d Cir. 1998) (reconsideration of previously decided issues only appropriate "in extraordinary circumstances such as where: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice"). The only new evidence Brown identifies in his latest request for a stay is his having recently filed a complaint in Canada, an action the parties were fully aware Brown might take when Judge Jordan heard and denied Brown's initial request for a stay. Under these circumstances, the law of the case doctrine should preclude review of Judge Jordan's initial decision. *See Hamilton v. Leavy*, 2004 WL 609334 (D. Del. Mar. 24, 2004) (new evidence exception inapplicable where the new evidence "does not materially deviate from the evidence" when the issue was first decided).