# RICHARD R. WIER, JR., P.A.

ATTORNEY AT LAW

**RICHARD R. WIER, JR.\***

TWO MILL ROAD, SUITE 200
WILMINGTON, DELAWARE 19806

www.Wierlaw.com

(302) 888-3222
FAX (302) 888-3225

RWier@Wierlaw.com

*ALSO ADMITTED IN PA

April 4, 2007

**Via CM/ECF and By Hand**
Magistrate Judge Mary Pat Thynge
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    Stack Teck Systems, Inc. v. David Brown
           C.A. No.: 06-507

Dear Judge Thynge:

    As you know, I represent the defendant in the above captioned case and there is presently pending, a Motion to Dismiss the action, based on the doctrine of *forum non conveniens*. That motion has been briefed and there has been reference to a pending Canadian action between the same parties. I enclose for inclusion in and as a supplement to our brief, and for your consideration, a copy of the decision of the Canadian Court denying Stack Teck's Motion to Dismiss the Canadian action. This means, that both cases will now proceed through discovery on parallel tracks, unless the Delaware action is dismissed.

                                                        Respectfully Submitted,

                                                        Richard R. Wier, Jr

RRWjr:jt
encs.

    cc:    Eric Gionet, Esq.
           David J. Margules, Esq.
           Yoram Miller, Esq.
           David Brown

COURT FILE NO.: 06-1221
DATE: 20070316

## SUPERIOR COURT OF JUSTICE - ONTARIO

**RE:** David Brown v. Stackteck Systems Limited and Stacktech Systems Incorporated

**BEFORE:** The Honourable Madam Justice M.P. Eberhard

**COUNSEL:** E. Gionet, for the Plaintiff

T. Sutton and C. Hoover, for the Defendants (Moving Party)

## ENDORSEMENT

[1] The Defendants/moving party seek a stay of these proceedings in favour of parallel proceedings in the State of Delaware begun four months prior to the Ontario claim.

[2] Stackteck Systems Incorporated ("Stackteck Parent") is a parent corporation holding company incorporated for favourable corporate and tax laws in the State of Delaware. Stackteck Parent has sued David Brown for breach of fiduciary duty in Deleware, having terminated his employment and removed him as an officer and director of the two corporations, together with a third related corporation. Stacktech Systems Limited,("Stacktech Canada"), the Ontario subsidiary, is not named in that suit although there is evidence that 85% of Mr. Brown's employment time was spent on Stacktech Canada operations, his history of employment was with Stacktech Canada's predessessor and he was paid by Stacktech Canada..

[3] Mr. Brown immediately brought a motion in Delaware seeking to stay the proceeding there. Because of the elevation to the Court of Appeal of the assigned judge, there will be a delay of unknown length before the decision is made in that jurisdiction. Meanwhile, another judicial officer has denied two requests to put the matter on hold and has, at the insistence of the

- 2 -

Delaware Plaintiff, Stacktech Parent, imposed procedural timelines. Therefore, the discovery and document exchange is well underway in that proceeding.

[4]     Clearly Ontario courts have jurisdiction simpliciter.

[5]     The plaintiff has presented a comparison chart of connection of the issues to Ontario and to Delaware. It is obvious that the plaintiff and the defendant Stacktech Canada are resident in this jurisdiction. Presence based jurisdiction is made out. Stackteck Parent is also present inasmuch as its head office is here, its media relations are conducted from here, its board meetings were conducted either in Toronto or partly so, and such corporate activities as it had were conducted from Ontario. This is in contrast to the "fleeting presence" of a holding company with no other presence in Delaware than as an incorporation site.[1]

[6]     Were that presence not itself sufficient, assumed jurisdiction can also be made out on the basis of real and substantial connection amply demonstrated by the chart supplied.

[7]     Where the Ontario Court has jurisdiction simpliciter, the question becomes whether it should exercise that jurisdiction if there is another forum that also has jurisdiction over the matter, a decision determined under the principles of *forum non-conveniens*[2]. There are seven factors well recognized for consideration,[3]

   (i)    the location of the majority of the parties;
   (ii)   the location of the key witnesses in evidence;
   (iii)  contractual provisions that specify applicable law or a court jurisdiction;
   (iv)   the avoidance of multiplicity of proceedings;
   (v)    the applicable law and its weight in comparison to the factual questions to be decided;
   (vi)   geographical questions suggesting the natural forum; and
   (vii)  whether declining jurisdiction would deprive the plaintiff of legitimate juridical advantage in the domestic court.

---

[1] *ABN Amro Bank N.V. v BCE Inc* [2003] O.J. No. 5418 at para 6
[2] *Amchem Products Inc. v. British Columbia (Workers' Compensation Board)* [1993] 1 S.C.R. 897
[3] *Muscutt v. Courcelles* [2002] O.J. No. 2128, Ont. C.A.

- 3 -

[8]     The defendant relies principally on factor (iv) so I will address it first.

[9]     He argues the three part test set out in *Westec*[4]:

  (i)    Are there parallel proceedings underway in another jurisdiction? Answer: yes

  (ii)   If so, is the other jurisdiction an appropriate forum for the resolution of the dispute?

  (iii)  Assuming there are parallel proceedoings in another appropriate forum, has the Plaintiff established objectively by cogent evidence that there is some personal advantage that would be avilable to him only in [domestic court] that is of such importance that it would cause injustice to him to deprive him of it?

[10]    I do not disagree with this approach but it does not assist the Defendant here because the third part of the test is answered decisively in favour of the Plaintiff. The approach is also to be seen within the whole of the listed factors and not in isolation. It does not trump the other factors.

[11]    The overarching goal is to ensure that the action is tried in the forum that has the closest connection with the action and the parties.[5] While the overall onus would be with the defendant in the present motion to persuade the court that there is a clearly more appropriate forum such that Ontario is a *forum non-conviens*, I accept that the onus may shift in relation to establishing the various factors.

[12]    The proper approach as demonstrated in *Molson*[6] is to consider all of the factors. Where a global consideration is not determinative in the sense that both jurisdictions are equally appropriate, and in the context of parallel proceedings, I accept that it is logical and appropriate to place the onus on the party wishing to duplicate proceedings already commenced in another jurisdiction, particularly when there has been progress in that jurisdiction towards final

---

[4] *Westec Aerospace Inc. v Raytheon Aircraft Co.* 173 D.L.R.(4th) 498 at 507
[5] *Frymur v Brettschneider* (1990) 19 O.R.(3d) 60 at 79
[6] *Molson Coors Brewing Co. v Miller Brewing Co.* [2006] O.J. No. 4236

- 4 -

determination. To demand less would be to encourage the inefficiencies inherent in multiple proceedings, and risk the prospect of inconsistent determinations.

[13] The time tabling by the Delaware Court to keep things moving is resonant with any judge sensitive to the importance of avoiding strategic delay and debilitating expense in the course of moving a matter towards determination. It is resoundingly logical to me that if there is already a court accepting jurisdiction, another court with jurisdiction should be loathe to accommodate a second proceeding, even if perfectly able to do so. Accordingly, if both jurisdictions are otherwise equally appropriate, I accept that the onus is on David Brown to demonstrate why a second, parallel proceeding should be permitted to continue in Ontario.

[14] I am satisfied that David Brown has thoroughly demonstrated that Ontario is the more appropriate jurisdiction to hear the matter. I find that on the seven factors that the court must consider, connection of the action and the parties with Ontario far outweighs the "fleeting presence" of Stackteck Parent in Deleware. It is not a neutral situation where the avoidance of multiple proceedings becomes the determinative issue.

(i)     Location of the Majority of the parties

[15] Stackteck Parent is the sole plaintiff in the Delaware proceedings. Its connection to Delaware is that it is incorporated there. There are no operations there and no people there. Although David Brown could, on the Delaware procedural rules, join the Stacktech Canada in that proceeding, what is the advantage to that when David Brown is resident in Ontario, Stacktech Canada for which he did 85% of his work and duties is in Ontario? All of the activities of both the Stacktech Canada and Stackteck Parent were administered in Ontario. I accept that the product of the company was largely marketed in the United States. That is well and good in a globalized commercial context and hardly determinative of primary connection.

Case 1:06-cv-00507-JJF-MPT   Document 36   Filed 04/05/2007   Page 6 of 9
PURSER DOOLEY         Fax:7057926911           Mar 16 2007 9:52              P.05

- 5 -

### (ii) Location of Key Witness and Evidence

[16] Corporate witnesses are scattered throughout the Northeast United States with no identifiable connection to Delaware any more than Ontario, and distance differences are inconsequential. The documentary evidence is easily available in Ontario, if not already stored here, and while it is the property of the corporation, that is where the corporations, both Parent and Canadian have had their offices. Meanwhile Mr. Brown intends to call witnesses who are employed by the corporations, overwhelmingly in Ontario.

### (iii) Contractual Provisions Specifying Applicable Law

[17] There are none.

### (v) The Applicable Law and its Weight in Comparison of the Factual Questions to be Decided

[18] Potentially, Delaware corporate law will be cited in at least some aspects of the dispute. The issues as described to me certainly appear to be weighted in the labour law field. Either an Ontario court will be asked to interpret Delaware corporate law or the Delaware court will be asked to interpret Ontario labour law. No particular, debilitating differences in corporate principles have been cited to me. Very marked differences in labour law principles and context have been demonstrated. Accordingly, the focus of issues in the case and the potential difficulties that impact on the foreign law issues favour Ontario accepting jurisdiction as the clearly more appropriate forum.

### (vi) Geographical Factors Suggesting a Natural Forum

[19] There are none except the witnesses and documents which have been discussed.

### (viii) Declining Jurisdiction Would Deprive the Plaintiff of a Legitimate Juridical Advantage in the Domestic Court.

[20] Mr. Brown's defence to the Delaware claim, if that court accepts jurisdiction, will raise the same issues as his claim in the Ontario Court namely, wrongful dismissal. He argues that he

- 6 -

was authorized to direct the payment of bonuses, which is the breach of fiduciary duty alleged in the Delaware proceeding. Further, in the Canadian context, he argues that if he was wrong in directing payment of the bonuses, it was not cause for termination under Ontario law and that many principles (eg: notice, aggravation, Employment Standards Act, mitigation etc.) relating to labour law in Ontario will apply. The same principles are not recognized in Delaware, which is characterized as an "at will" jurisdiction. Although Ontario law can be cited and interpreted by the Delaware Court, I am persuaded that the labour law context in which they would be considered is markedly different. Ontario has been repeatedly found to be the *forum conveniens* in labour cases involving Ontario employees where the competing jurisdiction is an "at will" jurisdiction.[7]

[21]  I am persuaded that there is a juridical disadvantage to Mr. Brown in advancing Ontario labour law principles in the Delaware Court.

[22]  Juridical disadvantage is a clear factor in this case and would prevail even if the *Westec* analysis were applied in isolation.

[23]  I agree with the approach that emphasizes a consideration of all the factors as to *forum non-conveniens*. To isolate the considerations relating to parallel proceedings exacerbates the concerns expressed in the discussion of the comparative dangers of relying on a "race to file" and the subsequent "race to judgment". Where one jurisdiction is more appropriate because of the several factors, it is far preferable to base the decision on these sound principles rather than risk being bound by accidents of timing or strategic maneuvering. Indeed, as pointed out by the plaintiff, in circumstances of the termination of employment, an employee would never win the

---

[7] *Tisi v Cornell Trading Inc* [2006] O.J. No. 3468
*Hodnett v Taylor* (2002) 22 CPC (5th) 360
*Dagenais v Nakisa* [2006] O.J. No. 4219

- 7 -

"race to file" since he has no control over the timing of the termination and could not have prepared litigation in advance.

[24]    Something must be said of comity. As between provinces or between Canada the United States, there can be no doubt of friendly confidence. Nothing in this consideration involves a suggestion that an individual judge or an individual court could do a better job with the adjudication of the issues. Indeed, as I read the remarks of the judicial officers in Delaware, I experience a full sense of identification with the task and the pressures.

[25]    This respect underscores the importance of the seven factors in determining *forum conveniens*. If those factors did give a neutral result aside from the issue of parallel proceedings, there is no question of full confidence in the Delaware court and the concerns for efficiency and inconsistent determinations would rule the day in favour of the court that has already commenced its process.

[26]    In the present case, however, there is no neutrality whatsoever in the application of the seven factors and marked juridical disadvantage already many times recognized. The connection with Delaware is so minor and inconsequential in comparison to the real and substantial connection at all levels of consideration to Ontario, it is fully demonstrated that Ontario is the *forum conveniens*. The Ontario court ought to shoulder the burden of this litigation.

[27]    The application of the defendants Stackteck System Limited and Stackteck Systems Incorporated to stay the Ontario proceeding is therefore dismissed.

[28]    The parties would be wise to agree that the steps already taken in the Delaware need not be repeated in the Ontario context and specify only those which must, and only to the extent

- 8 -

necessary, be readdressed to take into account the additional matters raised by the Ontario pleadings.

[29]   As indicated, parties may arrange to speak to costs of this motion if they cannot agree.

EBERHARD J.

**DATE:**   March 16, 2007