IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------X
STACK TECK SYSTEMS, INC.,
a Delaware corporation,

    Plaintiff,

        v.

                C.A. No. 06-507-KAJ

DAVID BROWN,

    Defendant.
------------------------------------------------------------------X

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT
DAVID BROWN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Stack Teck Systems, Inc. ("Stack Teck" or "Respondent") hereby responds and objects to Defendant David Brown's ("Brown") First Request for Production of Documents (the "Requests" or "Document Requests").

**GENERAL OBJECTIONS**

1.     Respondent objects to the Document Requests to the extent they are inconsistent with or impose obligations in addition to the Federal Rules of Civil Procedure and the applicable Local Rules.

2.     Respondent objects to the Document Requests to the extent they are overly broad, unduly burdensome, repetitive, vague, ambiguous or seek documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3. Respondent objects to the Document Requests to the extent that they call for the production of documents protected by the work product doctrine, the attorney-client privilege or any other applicable privilege. Respondent's inadvertent production of privileged documents shall not constitute a waiver of any claims of privilege that Respondent may have with respect to those documents, or with respect to any other documents or materials. Respondent reserves the right to recall any privileged documents inadvertently produced.

4. Respondent objects to the Document Requests to the extent they call for the production of documents in the possession of third parties outside of the Respondent's control or documents that are publicly available or which are already within Defendant's possession, custody or control.

5. Respondent objects to Instruction "B" as purporting to impose obligations in addition to Federal Rule of Civil Procedure 34 and the applicable Local Rules. Respondent shall produce a privilege log in a form and at a time to be agreed upon by the parties.

6. Respondent objects to the definition of "document" or "documents" insofar as it is broader than the definition in the Federal Rules of Civil Procedure. Respondent also objects on the ground that the definition is overly broad and unduly burdensome.

7. This response to the Document Requests is made without waiving, and expressly reserving, the Respondent's right (a) to object on any ground to the use of the information provided in the responses in any stage or proceeding in this action or any other action, and (b) to object on any ground to other information that involves or relates to the subject matter of the Document Requests.

8. By making a specific objection to a particular request, Respondent does not imply that the specific objection is not applicable in response to any other particular request.

9. Respondent reserves the right to amend or supplement these objections and responses, including, but not limited to, adding information subsequently discovered or inadvertently omitted, or amending responses mistakenly stated herein.

## SPECIFIC OBJECTIONS AND RESPONSES

**Document Request No. 1:**

Any documents identified by Plaintiff in its Answers to Defendant's First Set of Interrogatories.

**Response to Document Request No. 1:**

Subject to and without waiving the foregoing general objections, Respondent shall produce non-privileged, responsive documents in its custody, possession or control.

**Document Request No. 2:**

Any and all documents recording, referring or relating to David Brown including all employment and compensation records.

**Response to Document Request No. 2:**

Respondent objects to Document Request No. 2 as overbroad, unduly burdensome, and calling for the production of documents not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general objections, Respondent shall produce non-privileged, responsive documents for the period between January 1, 2005 and the date of the termination of Brown's employment with Stack Teck, in its possession, custody and control, relating to Stack Teck's budgets and performance and the issuance of bonuses and incentive compensation.

**Document Request No. 3:**

Any and all documents recording, referring or relating to your activities in Delaware.

**Response to Document Request No. 3:**

Respondent objects to Document Request No. 3 as overbroad, unduly burdensome and calling for the production of documents not likely to lead to the discovery of admissible evidence. Respondent further objects to the phrase "your activities" as vague, ambiguous and overbroad. Subject to and without waiving the foregoing general and specific objections, Respondent shall produce non-privileged, responsive documents, if any, sufficient to identify any operations Stack Teck conducted in Delaware after January 1, 2006.

**Document Request No. 4:**

Any and all documents provided to the Board of Stack Teck, including its operating subsidiaries (Stack Teck) for the years 2001 to the present.

**Response to Document Request No. 4:**

Respondent objects to Document Request No. 4 as overbroad, unduly burdensome and calling for the production of documents not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Respondent shall produce non-privileged, responsive minutes of the meetings of the Stack Teck Board of Directors, year end statements and budgets presented to the Board of Directors, board packets circulated in connection with meetings of the Stack Teck Board of Directors and shall endeavor to produce other budgets, financial statements and documents distributed to the Stack Teck Board of Directors or its members concerning the financial condition of Stack Teck for the time period from 2001 to the termination of Brown's employment.

**Document Request No. 5**

All minutes or other records of any meetings of the Board of Stack Teck or any of its committees, from 2001 to the present.

**Response to Request No. 5**

Respondent objects to Document Request No. 5 as overbroad, unduly burdensome, calling for the production of documents not likely to lead to the discovery of admissible evidence and duplicative of other Document Requests. Subject to and without waiving the foregoing general and specific objections, Respondent incorporates by reference its response, including objections, to Request No. 4.

**Document Request No. 6:**

Any and all budgets for fiscal years 2001 to the present.

**Response to Request No. 6:**

Respondent objects to Document Request No. 6 as vague, overbroad, unduly burdensome and calling for the production of documents not likely to lead to the discovery of admissible evidence. Respondent further objects to the term "budgets" as vague and ambiguous in that it does not identify which entity's budgets are requested. Respondent shall interpret Request No. 6 as calling for Stack Teck and its operating subsidiaries' budgets. Subject to and without waiving the foregoing general and specific objections, Respondent shall produce non-privileged, responsive copies of the budgets for Stack Teck and its operating subsidiaries for the fiscal years 2001 to 2006, if any, in Stack Teck's custody, possession or control.

**Request No. 7:**

Any and all documents relating to any Incentive Compensation Plan and/or Bonuses from 2001 to the present.

**Response to Request No. 7:**

Respondent objects to Document Request No. 7 as vague, ambiguous, overbroad, unduly burdensome and calling for the production of documents not likely to lead to the

discovery of admissible evidence. Respondent further objects to the term "Incentive Compensation Plan and/or Bonuses" as vague and ambiguous in that it does not identify the entity for which documents relating to its "Incentive Compensation Plan and/or Bonuses" are requested. Respondent shall interpret Request No. 7 as calling for documents related to incentive compensation and/or bonus plans of Stack Teck and its operating subsidiaries. Subject to and without waiving the foregoing general and specific objections, Respondent shall produce non-privileged, responsive documents in its custody, possession or control, referring to incentive compensation or bonus plans for Stack Teck and its operating subsidiaries for the period from 2001 to the date of the termination of Brown's employment with Stack Teck.

**Request No. 8:**

Any and all documents reviewed and/or considered prior to and in connection with the acquisition of the stock and notes in October 2005.

**Response to Request No. 8:**

Respondent objects to Request No. 8 as overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**Request No. 9:**

Any and all loan documents for loans provided to Stack Teck from 2001 to the present.

**Response to Request No. 9:**

Respondent objects to Request No. 9 as overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Respondent shall produce copies of the credit agreement dated September 11, 1998 among Fairway Molds, Inc. and Tradesco Mold Limited as borrowers and the Chase Manhattan Bank of U.S. and the Chase Manhattan Bank of Canada as agents and any amendments thereto in its custody, possession or control.

**Request No. 10:**

Any and all documents recording, referring or relating to the loans and or note by David Brown and the payment of or status of that loan or note.

**Response to Request No. 10:**

Respondent objects to Request No. 10 as vague, ambiguous, overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Respondent shall produce copies of the promissory note issued to Brown by Tradesco Mold Limited on or about October 22, 1996 and shareholder loans, if any, issued to Brown by Stack Teck or an affiliate, subordination agreements or amendments thereto, and documents concerning the status or repayment of such loans or notes.

**Request No. 11:**

Any communication by and between David Brown and Brent Crossman, Scott Schooley or any other person identified in the Mandatory Disclosures.

**Response to Request No. 11:**

Respondent objects to Request No. 11 as overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and responses, Respondent shall endeavor to produce non-privileged, responsive communications in its custody, possession or control between Brown and Brent Crossman, or any of the persons identified in Respondent's Rule 26(a) disclosures in this action, for the period between January 1, 2005 and the termination of Brown's employment with Stack Teck, concerning Stack Teck's performance, the issuance of bonuses and the termination of Brown's employment with Stack Teck.

**Request No. 12:**

Any documents referring, recording or relating to the shareholder loan of David Brown and any notes related thereto.

**Response to Request No. 12:**

Respondent objects to Request No. 12 as overbroad, unduly burdensome, duplicative of other document requests propounded by Brown and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Respondent incorporates by reference its response, including objections, to Document Request No. 10.

**Request No. 13:**

Any documents relating, recording or referring to the payment of bonuses and/or incentive compensation including bonuses to employees from 2001 to the present.

**Response to Request No. 13:**

Respondent objects to Request No. 13 as overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Respondent shall produce documents sufficient to determine the bonuses paid to employees of Stack Teck and its operating subsidiaries for fiscal year 2001 through the date Brown's employment was terminated.

**Request No. 14:**

Any and all documents provided to, or in the possession of, Annex and/or Woodside reflecting, recording or relating to the financial condition of the company and its operating subsidiaries, the budgets of the company, the incentive compensation bonus plan and/or payments of bonuses, communications with any employee(s) relating to bonuses or incentive compensation.

**Response to Request No. 14:**

Respondent objects to Request No. 14 as overbroad, unduly burdensome, vague, ambiguous and not likely to lead to the discovery of admissible evidence. Respondent further

objects to the term "company" as vague and ambiguous and shall interpret the term whenever used in the Document Requests to mean Stack Teck. Subject to and without waiving the foregoing general and specific objections, Respondent shall produce non-privileged, responsive documents in its custody, possession or control, for the period between January 1, 2005 and the termination of Brown's employment with Stack Teck, concerning Stack Teck's budgets and performance, the issuance of bonuses and incentive compensation and the termination of Brown's employment between January 1, 2005 and the termination of Brown's employment at Stack Teck.

**Request No. 15:**

Any and all documents relating to policies and procedures for employees and management including employment personnel policies, handbooks, policies, procedures, discipline, cause requirements, employment agreements from 2001 to the present.

**Response to Request No. 15:**

Respondent objects to Request No. 15 as overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**Response No. 16:**

Minutes of all board meetings and any all records relating to the meetings including agendas, documents provided, executive sessions, recordings from 2001 to the present.

**Response to Request No. 16:**

Respondent objects to Request No. 16 as overbroad, unduly burdensome, duplicative of other document requests and not likely to lead to the discovery of admissible evidence. Respondent further objects to Request No. 16 as vague and ambiguous in that it does not identify the entity to which the request relates. Respondent shall interpret Request No. 16 as limited to seeking minutes and other records relating to Stack Teck Board Meetings. Subject to

and without waiving the foregoing general and specific objections, Respondent incorporates by reference its response, including objections, to Document Request Nos. 4 and 5.

**Request No. 17:**

Any documents relating to any individual who replaced David Brown including employment terms and conditions, compensation, bonuses, discipline, curriculum vitae.

**Response to Request No. 17:**

Respondent objects to Request No. 17 as overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**Request No. 18:**

Any documents sent to employees relating, referring or recording bonuses or incentive compensation from 2001 to the present.

**Response to Request No. 18:**

Respondent objects to Request No. 18 as overbroad, unduly burdensome, duplicative of other document requests and not likely to lead to the discovery of admissible evidence. Respondent further objects to Request No. 18 as vague and ambiguous in that it does not identify the entity to which the request relates. Respondent shall interpret Request No. 18 as seeking information sent to employees of Stack Teck or its operating subsidiaries relating, referring or recording bonuses or incentive compensation. Subject to and without waiving the foregoing objections and responses, including the objections thereto, Respondent incorporates by reference to its response, including objections, to Document Request No. 7.

**Request No. 19:**

For each employee who received and/or were considered for bonuses or incentive compensation from 2001 to the present produce all documents provided to the employee relating to such compensation and to the decision of providing or not providing such compensation or bonus.

**Response to Request No. 19:**

- 10 -

Respondent objects to Request No. 19 as overbroad, unduly burdensome, duplicative of other document requests and not likely to lead to the discovery of admissible evidence. Respondent further objects to Request No. 19 as vague and ambiguous in that it does not identify the entity to which the request relates. Respondent shall interpret Request No. 19 as seeking documents provided to Stack Teck employees who received and/or were considered for bonuses or incentive compensation relating to such compensation and to the decision of providing or not providing such compensation or bonus. Subject to and without waiving the foregoing objections and responses, including the objections thereto, Respondent incorporates by reference its response to Document Request No. 7.

**Request No. 20:**

Any leases or other documentation of the company's offices in Delaware, Canada and/or California.

**Response to Request No. 20**:

Respondent objects to Request No. 20 as overbroad, unduly burdensome and calling for the production of documents not likely to lead to the discovery of admissible evidence.

**Request No. 21:**

Documents recording, referring or relating to each activity conducted in Delaware or connected with operations in Delaware.

**Response to Request No. 21:**

Respondent objects to Request No. 21 as vague, ambiguous, overbroad, unduly burdensome and calling for the production of documents not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Respondent incorporates by reference its response, including objections, to Document Request No. 2.

**Request No. 22:**

Documents of all meetings of the Board, and provided to or considered by the Board or any of their/its committees, in Delaware, California and/or Canada relating to compensation of employees and management including incentive compensation or bonuses from 2001 to the present.

**Response to Request No. 22:**

Respondent objects to Request No. 22 as overbroad, unduly burdensome and calling for the production of documents not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Respondent incorporates by reference its response, including objections, to Document Request Nos. 2 and 4.

**Request No. 23:**

Any document mentioning and/or concerning David Brown from October 2005 to the present.

**Response to Request No. 23:**

Respondent objects to Request No. 23 as overbroad, unduly burdensome and calling for information not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Respondent incorporates by reference its response, including objections, to Document Request No. 2.

**Request No. 24:**

Any document received from any consultant from January 2005 to the present.

**Response to Request No. 24:**

Respondent objects to Request No. 24 as overbroad, unduly burdensome and calling for the production of documents not likely to lead to the discovery of admissible evidence. Respondent further objects to Request No. 24 as vague and ambiguous in that it does not identify the entity to which the request relates. Respondent shall interpret Request No. 24 as

seeking documents Stack Teck received from any consultant Stack Teck retained. Subject to and without waiving the foregoing general and specific objections, Respondent shall produce non-privileged, responsive documents in its possession, custody and control that Stack Teck received from Ross Honig and Crawford & Winiarski Financial Consulting between January 1, 2005 and the date of the termination of Brown's employment with Stack Teck, concerning the payment of bonuses, Brown's note, the termination of Brown's employment with Stack Teck, and the financial condition of Stack Teck.

**Request No. 25:**

Any document approving and/or disapproving the payment of any bonuses or incentive compensation for the years 2001 to the present.

**Response to Request No. 25:**

Respondent objects to Request No. 25 as overbroad, unduly burdensome, duplicative of prior document requests and calling for information not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Respondent shall produce non-privileged, responsive documents in its custody, possession or control, concerning the approval or disapproval of the payment of any bonuses or incentive compensation by Stack Teck's Board of Directors from 2001 to the date of the termination of Brown's employment with Stack Teck.

**Request No. 26:**

Any document relating to or concerning the allegations made by David Brown in the Canadian action.

**Response to Request No. 26:**

Respondent objects to Request No. 26 as vague, ambiguous, overbroad, unduly burdensome and necessarily calling for privileged information.

**Response No. 27:**

Any document referred to by Brent Crossman in his June 7, 2006 email to David Brown and referred to by David Brown in his response.

**Response to Request No. 27:**

Subject to and without waiving the foregoing general objections, Respondent shall produce non-privileged, responsive documents in its custody, possession or control.

**Request No. 28:**

Any records of compensation to Scott Schooley, Brent Crossman and all other individuals identified in Defendant's and Plaintiffs initial disclosures.

**Response to Request No. 28:**

Respondent objects to Request No. 28 as overbroad, unduly burdensome and calling for the production of documents not likely to lead to the discovery of admissible evidence.

**Request No. 29:**

Any documents recording, referring or relating to the performance of the Operating Units, subsidiaries in Canada and/or California, for 2004, 2005, 2006, and 2007 including records establishing whether any targets for such performance were met or not met.

**Response to Request 29:**

Respondent objects to Request No. 29 as overbroad, unduly burdensome and calling for the production of documents not likely to lead to the discovery of admissible evidence. Respondent further objects to Request No. 29 as vague and ambiguous in that it does not identify the entity or entities to which it relates. Subject to and without waiving the foregoing general and specific objections, Respondent incorporates by reference its responses, including objections, to Document Request Nos. 2, 4, 5, 6 and 7.

**Request No. 30:**

Any documents recording, referring or relating to year end EBITDA for 2004 to the present.

**Response to Request No. 30:**

Respondent objects to Request No. 30 as overbroad, unduly burdensome, vague, ambiguous and calling for documents not likely to lead to the discovery of admissible evidence. Respondent further objects to Request No. 30 as vague and ambiguous in that it does not identify the entity or entities to which it relates. Respondent shall interpret Request No. 30 as calling for documents recording, referring or relating to year end EBITDA for Stack Teck and its operating subsidiaries. Subject to and without waiving the foregoing objections, Respondent shall produce Stack Teck's audited financial statements and non-privileged, responsive documents identifying adjustments to Stack Teck and its operating subsidiaries' financial statements or EBITDA for fiscal years 2004 and 2005.

**Request No. 31:**

Any documents that have been altered, amended or destroyed that relates to the subject matter of this action and/or of Mr. Brown's action in Canada.

**Response to Request No. 31:**

Respondent objects to Request No. 31 as vague, ambiguous, overbroad and unduly burdensome and duplicative of Brown's other Document Requests.

**Request No. 32:**

Any documents recording, referring or relating to the claim by Stack Teck Systems for damages including but not limited to attorney's fees, expert witness fees and records referring, recording or relating to the claim for or defenses to the claim for damages.

**Response to Request 32:**

Respondent objects to Request No. 32 as overbroad, expressly calling for the production of privileged information and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Respondent shall produce documents sufficient to

determine the amount of bonuses Brown issued without seeking or obtaining the approval of Stack Teck's Board of Directors in 2006.

BOUCHARD MARGULES & FRIEDLANDER

*/s/ Dominick T. Gattuso*

David J. Margules (Bar ID 2254)
Dominick T. Gattuso (Bar ID 3630)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
*Attorneys for Plaintiff Stack Teck Systems, Inc.*

OF COUNSEL:

Robert W. Forman
Yoram J. Miller
SHAPIRO FORMAN ALLEN SAVA &
MCPHERSON LLP
380 Madison Avenue
New York, New York 10017
(212) 972-4900

Date:   April 24, 2007

## CERTIFICATE OF SERVICE

     I, Dominick T. Gattuso, hereby certify that on April 24, 2007, I served a true and correct copy of the foregoing *Notice of Service to Plaintiff's Responses And Objections To Defendant David Brown's First Request For Production Of Documents* on the following in the manner indicated below:

### By CM/ECF

Richard R. Wier, Jr. (#716)
RICHARD R. WIER, JR., P.A.
Two Mill Road, Suite 200
Wilmington, DE 19806
Telephone: (302) 888-3222


*/s/ Dominick Gattuso*
BOUCHARD MARGULES & FRIEDLANDER, P.A.
David J. Margules (#2254)
Dominick T. Gattuso (#3630)
222 Delaware Ave, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500
dmargules@bmf-law.com
dgattuso@bmf-law.com